**Anthony I. Paronich**
anthony@paronichlaw.com
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff*

**Jeffrey G. Bradford**, OSB No. 133080
jeff.bradford@tonkon.com
**TONKON TORP LLP**
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Telephone: (503) 802-5724
Facsimile: (503) 274-8779

**Lauri A. Mazzuchetti**, *Pro Hac Vice*
lmazzuchetti@kelleydrye.com
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950

*Attorneys for Defendant Cirkul, Inc.*

[*Additional Counsel of Record Listed on Signature Page*]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON**, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>**CIRKUL, INC.**,<br><br>　　　　　　　Defendant. | Civil No. 6:25-cv-02036-AP<br><br>**JOINT STATUS REPORT AND CASE MANAGEMENT SCHEDULE PURSUANT TO Fed. R. Civ. P. 26(f) AND LOCAL RULE 26-1** |

**JOINT DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P 26(f), the parties hereby submit their joint discovery plan and proposed deadlines for the Court's review and consideration:

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is March 20, 2026.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**Plaintiff:**

The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support his anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendants may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing calls and any relationship with a vendor that may have made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telephonic complaints received by Defendant and its responses thereto as the Plaintiff is seeking to certify the following class:

> All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting

Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

Discovery does not need to be completed in phases or be limited to or focused on particular issues.

**Defendant:** Defendant anticipates that discovery will be needed on all issues relevant to the claims and defenses in this action, including but not limited to: (1) whether plaintiff and the putative class are residential telephone subscribers, including: (i) whether plaintiff and the putative class have held out to the public or advertised their phone numbers for business purposes; (ii) whether plaintiff's and the putative class's phones are registered with the telephone company as residential or business lines, including whether the phones are part of a family usage plan; (iii) whether, and the extent to which, plaintiff and the putative class use their phones for business transactions or employment; and (iv) whether, and the extent to which, plaintiffs' and the putative class's employers (or other business entities) pay for or reimburse their phone bills; (2) plaintiff's and the putative class members' consent to receive calls, including plaintiff's relationship with the person who provided his phone number to defendant and consented to receive calls; (3) plaintiff's and the putative class members' agreements to arbitrate, (4) defendant's policies and procedures regarding TCPA compliance and the circumstances, and (5) whether plaintiff can certify a class.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that limited electronically stored information ("ESI") will be produced in this case. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each

party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have agreed limited ESI will be produced. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court. The parties will produce ESI in its native form or in unitized, fixed image format (e.g., .pdf or tiff). The parties do not anticipate any issue regarding electronically stored information.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be

governed by a protective order. The parties shall confer regarding the terms of such a protective order and will endeavor to reach agreement on those terms. If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

**(E)  What changes should be made in the limitations on discovery imposed under the Fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The parties agree there should be no changes or deviations from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

**(F)  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not currently anticipate the need for any other orders, other than those referred to herein. Should the need for other orders arise, the parties will confer in good faith and, if they cannot agree, will raise the issue with the Court for resolution.

**(G)  Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**(H)  Magistrate Judge:**

The parties do not consent to a Magistrate Judge

**(I)** **Proposed scheduling deadlines:**

1. Amend Pleadings and Add Parties: **June 2, 2026**

2. Initial Expert Disclosure Deadline: **October 2, 2026**

3. Rebuttal Expert Deadline: **November 6, 2026**

4. Discovery Cutoff: **December 11, 2026**

5. Dispositive Motions/Class Certification: **January 29, 2027**


DATED: February ___, 2026

PARONICH LAW, P.C.

By: /s/
Anthony Paronich
anthony@paronichlaw.com
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff*


DATED: February ___, 2026

TONKON TORP LLP

By: /s/
Jeffrey G. Bradford, OSB No. 133080
jeff.bradford@tonkon.com
Telephone: (503) 802-5724

KELLEY DRYE & WARREN LLP
Lauri A. Mazzuchetti, *Pro Hac Vice*

lmazzuchetti@kelleydrye.com
Damon W. Suden, *Pro Hac Vice*
dsuden@kelleydrye.com
Frances V. McDonald, *Pro Hac Vice*
fmcdonald@kelleydrye.com

*Attorneys for Defendant Cirkul, Inc.*