No *Shepard's* Signal™
As of: March 18, 2026 4:08 PM Z

## *Taha v. Momentive Software, Inc.*

United States District Court for the Central District of California, Southern Division

March 11, 2026, Decided; March 11, 2026, Filed

Case No. 8:25-cv-02330-DOC-JDE

**Reporter**

2026 U.S. Dist. LEXIS 54376 *; 2026 LX 112918

CASEY TAHA, individually and on behalf of all those similarly situated, Plaintiff, vs. MOMENTIVE SOFTWARE, INC., Defendants.

## Core Terms

text message, telephone, deference, telephone call, message

**Counsel:** **[*1]** For Casey Taha, individually and on behalf of all those similarly situated |, Plaintiff: Gerald Donald Lane, Jr., LEAD ATTORNEY, Law Offices of Jibrael S. Hindi, Wilton Manors, FL USA; Christopher Gold, PRO HAC VICE, Gold Law, PA, Miami Beach, FL USA; Saman Mollaei, Rio Law Group Inc., Los Angeles, CA USA.

For Momentive Software Inc., Defendant: Ryan D. Watstein, PRO HAC VICE, Watstein Terepka LLP, Atlanta, GA USA; Alexander D. Terepka, Watstein Terepka LLP, Los Angeles, CA USA.

**Judges:** DAVID O. CARTER, UNITED STATES DISTRICT JUDGE.

**Opinion by:** DAVID O. CARTER

## Opinion

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [11]**

Before the Court is Defendant Momentive Software, Inc. ("Defendant") Motion to Dismiss ("Motion" or "Mot.") (Dkt. 11). The Court heard oral argument on March 9, 2026. For the reasons described below, the Court **DENIES** the Motion.

## I. BACKGROUND

### A. Facts

This is a classic Telephone Consumer Protection Act of 1991 ("TCPA") case. Plaintiff Casey Taha ("Plaintiff") alleges that Defendant sent them—and other members of a putative class—text messages after requesting a stop to text message communication. *See generally* Complaint ("Compl.") (Dkt. 1). The sole question at issue in the Motion is whether text messages qualify as "telephone calls" under *47 U.S.C. § 227(c)(5)*, which provides **[*2]** the cause of action at issue in this case.

Plaintiff filed their Complaint (Dkt. 1) on October 15, 2025. Defendant filed the Motion on December 19, 2025 (Dkt. 11). Plaintiff filed their Opposition ("Opp.") (Dkt. 16) on February 16, 2026, and Defendant filed their Reply on February 23, 2026. Defendant filed a Notice of Supplemental Authority on March 5, 2026 (Dkt. 27).

The Court heard oral argument on March 9, 2026.

## II. LEGAL STANDARD

Under *Federal Rule of Civil Procedure 12(b)(6)*, a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true,

would entitle the complainant to relief. *Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)*; *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)* (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly, 550 U.S. at 555* (citing *Papasan v. Allain, 478 U.S. 265, 286 (1986)*). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. See *Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008)*. A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal, 556 U.S. at 678*.

In evaluating **[*3]** a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002)*; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555, n.19 (9th Cir. 1990)*. Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)*, *overruled on other grounds by Galbraith v. Cty. of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002)*. The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)*.

## III. DISCUSSION

Plaintiff sues under *47 U.S.C. § 227(c)* which is part of the TCPA and provides a private right of action. As described above, at issue in the Motion is solely the scope of the term "telephone call" from the statute. The statute provides in pertinent part as follows:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State[.]

The Parties dispute whether the Court should lend weight to the FCC's long-standing interpretation **[*4]** that text messages qualify as a "telephone call." *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003)*. The Court agrees with Defendant that in light of the Supreme Court's overturning of Chevron deference in *Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024)*, and successive decisions, it is in doubt the degree to which the FCC's interpretation should be given weight. Mot. at 7-9. In any case, the Court concludes that it may rest its decision solely on Ninth Circuit decisions interpreting the TCPA. Thus, it declines to address the degree to which the FCC's interpretation should still be given deference.

In 2009, the Ninth Circuit held in *Satterfield v. Simon & Schuster, Inc.* "that a text message is a 'call' within the meaning of the TCPA." *569 F.3d 946, 952 (9th Cir. 2009)*. The Ninth Circuit made this holding in the context of analyzing *47 U.S.C. § 227(b)* and while analyzing the statute's language under the *Chevron* deference doctrine. *Id. at 952-54*. The doctrine of *Chevron* deference has since been upturned by the Supreme Court calling the Ninth Circuit's analysis in *Satterfield* into question. *See Loper Bright, 603 U.S.* However, the Ninth Circuit reaffirmed *Satterfield*'s holding this year even in the absence of *Chevron* deference: "Although we thus framed our holding in *Satterfield* in terms of the then-applicable deference required to be given to the FCC's

construction, **[\*5]** we think it is clear from *Satterfield*'s substantive analysis that the conclusion would be the same even in the absence of *Chevron* deference." *Howard v. Republican Nat'l Comm., 164 F.4th 1119, 1123 (9th Cir. 2026)*. The *Howard* court concluded that the holding remained sound because "*Satterfield* emphasized two key points about statutory construction that supported the FCC's understanding of a 'call,' and even under de novo review, those same two points support the conclusion that a 'text message' constitutes a 'call' within the meaning of the TCPA." *Id.* (cleaned up).

First, *Howard* noted that *Satterfield* rested its holding in the "plain and ordinary meaning" of the term "call." *Id. at 1124* (cleaned up) (quoting *Satterfield, 569 F.3d at 953 n.3*). According to Webster's Dictionary, "the statutory term 'call' refers to an attempt to communicate by telephone." *Howard, 164 F.4th at 1124* (cleaned up) (quoting *Satterfield, 569 F.3d at 953 n.3*); *see also Howard, 164 F.4th at 1124* (quoting Webster's Third New International Dictionary 318 (1981 ed.) ("call" means a "communicat[ion] with or [an attempt] to get in communication with a person by telephone")). Thus, *Howard* concluded that "[t]ext messaging plainly fits within that literal definition of a 'call, because 'text messaging is a form of communication used primarily between telephones.'" *Howard, 164 F.4th at 1124* (quoting *Satterfield, 569 F.3d at 954*).

Second, the *Howard* court interpreted *Satterfield*'s holding **[\*6]** as resting on the idea that "that treating a text message as a 'call' was consistent with the statute's declared purpose 'to protect' 'privacy rights.'" *Howard, 164 F.4th at 1124*. The court went on to analogize text messages to telephone calls and why they should be treated identically under the statue:

> Given how text messaging typically works as used on individuals' phones, an arriving auto-dialed text message (unlike, for example, an arriving email) usually results in an immediate intrusion in the form of a display of a preview

of the text on the phone's screen (even if locked), a sound, a vibration, or some combination of those. Consequently, the sort of auto-dialed text messages at issue in *Satterfield* will typically produce the particular type of intrusion on privacy at which the statute is aimed, which is an intrusion upon "seclusion."

*Id.* (quoting *Los Angeles Lakers, Inc. v. Federal Ins. Co., 869 F.3d 795, 806 (9th Cir. 2017)*).

Thus, the Ninth Circuit in *Howard* reaffirmed *Satterfield* and held as follows: "That critical fact confirms that a text message is properly deemed to be a 'call' within the meaning of the TCPA." *Howard, 164 F.4th at 1124* (citing Antonin Scalia and Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 57 (2012)). Defendant argues that *Howard* and *Satterfield*'s holding is limited to claims **[\*7]** arising under *47 U.S.C. § 227(b)*. Reply at 2-3. However, this argument overlooks the broad language which the Ninth Circuit elected to use in *Satterfield* and *Howard*. *Howard* " conclude[ed]" that a "'text message' constitutes a 'call' within the meaning of the TCPA," *164 F.4th at 1123*, and *Satterfield* held that "a text message is a 'call' within the meaning of the TCPA," *569 F.3d at 952*. While both cases reached these decisions in the context of analyzing § 227(b) of the TCPA, rather than § 227(c)(5) at issue here, neither *Satterfield* nor *Howard* elected to use language to limit the scope of their holdings. Both cases state that their holdings apply to "the TCPA," and that is how this Court interprets them.[1]

Next, Defendant argues that the addition of the word "telephone" changes the textual analysis when it comes to § 227(c)(5). Reply at 4-8. However, this argument overemphasizes the significance of the word "telephone" in this context. "Telephone" is

---

[1] Even if the language from *Howard* and *Satterfield* quoted above technically amounts to dicta, the Court still finds the broad language used by the Ninth Circuit instructive and infers that it would reach the same decision if asked to analyze § 227(c)(5) specifically.

2026 U.S. Dist. LEXIS 54376, *7

even used in the dictionary definition of "call" relied upon by the *Satterfield* and *Howard* courts. *See* Webster's Third New International Dictionary 318 (1981 ed.) ("call" means a "communicat[ion] with or [an attempt] to get in communication with a person by telephone"). To argue that the addition of the word "telephone" eliminates **[*8]** text messages ignores the redundancy of the term inherent to this definition. Defendant argues that "[b]oth at [the inception of the TCPA] and now, 'telephone call' means only a telephonic voice transmission." Ironically, the Ninth Circuit already expressed how Congress would make such a limitation in *Trim v. Reward Zone USA LLC, 76 F.4th 1157 (9th Cir. 2023)*, which is reference in *Howard*. In *Trim*, the Ninth Circuit held that the text messages at issue did not qualify under the TCPA because "because they did not include audible components" which contrasted with Congress's use of the word "voice" in the statute at issue. *76 F.4th at 1158, 1160-61* (analyzing "the disputed term—'voice'" in the context of *47 U.S.C. § 227(b)(1)(A)*). Thus, had Congress intended to eliminate textual communications from § 227(c)(5) it would have used the phrase "voice call," rather than "telephone call."

Finally, at oral argument Defendant contended that District Courts in other circuits—specifically the Eleventh Circuit—have interpreted decisions like *Satterfield* and *Howard* narrowly, and declined to extend them beyond the TCPA section that is specifically analyzed by the appellate court. However, this ignores the broad language that the Ninth Circuit elected to use in *Satterfield* and *Howard*. Furthermore, opinions from other circuits are only persuasive **[*9]** authority and the Court does not see the need to turn there give how on point *Satterfield* and *Howard* are.

## IV. DISPOSITION

For the foregoing reasons, the Court **DENIES** Defendant's Motion (Dkt. 11).

DATED: March 11, 2026

/s/ David O. Carter

DAVID O. CARTER

UNITED STATES DISTRICT JUDGE

_____

**End of Document**