Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

   *Attorneys for Plaintiff,*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON**, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>   v.<br><br>**CIRKUL, INC.**,<br><br>           Defendant. | Civil No. 6:25-cv-02036-AP |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL
### AUTHORITY IN SUPPORT OF HIS RESPONSE
### <u>IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>

Plaintiff respectfully submits this notice of supplemental authority in support of his

Opposition to Defendant's Motion to Dismiss. On March 24, 2026, Chief Judge McShane issued an

opinion denying Defendant's Motion for Summary Judgment in *Wilson v. Skopos Fin., LLC*, No.

6:25-cv-00376-MC, 2026 U.S. Dist. LEXIS 61802 (D. Or. Mar. 24, 2026). A copy of that opinion

is attached herein as <u>Exhibit 1</u>.

In *Skopos*, the court rejected the contention that Mr. Wilson lacks standing under the TCPA

and held that his receipt of unsolicited telemarketing calls was the exact type of invasion of privacy

that is sufficient to allege standing under the TCPA:

The parties do not dispute that Plaintiff was on the National DNC Registry when

he received text messages from Defendant, did not consent to receive messages from Defendant, and received more than one message within a 12-month period. Wilson Dep. 25:22-25, 26:2-5, 41:10-12, 44: 2-4. This is sufficient for Plaintiff to establish standing under the TCPA. Unsolicited telemarketing calls and messages "invade the privacy and disturb the solicitude of their recipients." *Van Patten v. Vertical Fitness Grp., **LLC***, 847 F.3d 1037, 1043 (9th Cir. 2017). Plaintiffs alleging TCPA violations "'need not allege any *additional* harm beyond the one Congress has identified.'" *Id.* (quoting *Spokeo v. Robins*, 578 U.S. 330, 342, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016).

Moreover, the *Skopos* court dispensed with Defendant's characterization that Mr. Wilson exploits the TCPA as a basis to deprive him of standing:

Defendant also contends that Plaintiff "makes a primary income" from TCPA cases and lacks standing as "a professional TCPA plaintiff." Mot. Summ. J 6, 21; *see also* Wilson Dep. 6:9-25. While the record suggests that Plaintiff is an inveterate TCPA litigant, Defendant has not offered support for the proposition that he is without standing on that basis. *E.g., Sapan v. Yelp, Inc.*, No. 3:17-cv-03240-JD, 2021 U.S. Dist. LEXIS 220224, 2021 WL 5302908, at *4 (N.D. Cal. Nov. 15, 2021) (noting "professional litigant" criticisms against named plaintiffs are "not uncommon" and "rarely well taken.").

Plaintiff respectfully requests that the Court consider this authority in evaluating Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED AND DATED this March 30, 2026.

Respectfully submitted,

*/s/ Anthony I. Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and proposed class*