Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff,*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CIRKUL, INC.**,<br><br>Defendant. | Civil No. 6:25-cv-02036-AP |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL
## AUTHORITY IN SUPPORT OF HIS RESPONSE
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff respectfully submits this notice of supplemental authority in further support of his Opposition to Defendant's Motion to Dismiss. On March 31, 2026, the United States District Court for the District of Connecticut issued a decision denying a motion to dismiss in another case involving the same plaintiff here in *Wilson v. Easy Spirit, LLC*, 2026 U.S. Dist. LEXIS 69059 (D. CT. March 31, 2026), a case addressing the same issues presented here. In that decision, the court rejected the argument that the Telephone Consumer Protection Act's Do Not Call provisions apply only to landline telephones and held that a "residential telephone subscriber" includes an individual who uses a cellular telephone for personal, household purposes. The Court further held that text messages qualify as "telephone calls" under 47 U.S.C. § 227(c)(5), explaining that the ordinary

meaning of a "call" includes attempts to communicate by telephone and that text messages fall within that definition. A copy of that decision is attached as Exhibit 1.

On April 1, 2026, the United States District Court for the District of Oregon, in an opinion issued by Judge Mustafa T. Kasubhai, also denied a motion to dismiss in another case involving the Plaintiff here, *Wilson v. TPH Paralegal Professional Corporation*, 6:25-cv-01703, (D. Or. April 1, 2026). In that decision, the court rejected arguments aimed at undermining Plaintiff's claims based on the nature of his telephone number and permitted the case to proceed where Plaintiff alleged that his cellular telephone was his personal number, that he did not consent to the call, and that he suffered the precise privacy invasion the TCPA was enacted to prevent. The court further declined to resolve issues concerning Plaintiff's purportedly unique circumstances at the pleading stage, emphasizing that such arguments do not defeat standing or otherwise warrant dismissal where the complaint plausibly alleges a statutory violation and resulting injury. A copy of that decision is attached as Exhibit 2.

This authority directly supports Plaintiff's position that the TCPA's Do Not Call provisions apply to residential-use cellular telephone numbers and that unsolicited communications fall within the statute's private right of action, and it confirms that Defendant's arguments do not warrant dismissal at the pleading stage.

Plaintiff respectfully requests that the Court consider this authority in evaluating Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED AND DATED this April 2, 2026.

                              Respectfully submitted,

*/s/ Anthony I. Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com


*Attorneys for Plaintiff and proposed class*